LOTTINGER, Judge.
This matter is before the Court on a peremptory exception of res judicata by the Department of Health and Human Resources (DHHR) who seeks to have a decision of a Civil Service Commission referee declared final and unappealable.
This suit arises from a five day suspension of plaintiff Russell County from his *69 job as a psychiatric aide at New Orleans Adolescent Hospital.
County filed an appeal with the Civil Service Commission, and a hearing before a referee was set for July 19, 1983. Neither County nor his attorney appeared at the July 19th hearing, and by opinion dated August 5, 1983, the appeal was dismissed by the referee for lack of an appearance by County. Shortly thereafter, the referee apparently received a late motion for continuance and rendered a second written opinion dismissing the appeal on August 12, 1983.
County then filed an application to the Board of Review for review of the referee’s decision. The Board of Review reversed the August 12th ruling, finding appeals should not be dismissed where a party attempts to give good cause for continuance to the proper official. The Board of Review noted that in addition to notifying the Department of State Civil Service, County’s attorney attempted to notify the referee at his hotel and filed a motion for continuance.
The case was remanded to another referee ' and after several continuances the hearing was finally completed on November 12, 1984. In an opinion dated January 14, 1985, the referee found in favor of County and reversed the suspension. DHHR applied for a review of the referee’s decision, which was denied on February 21, 1985. DHHR then appealed the January 14, 1985 decision. DHHR filed with this court a peremptory exception of res judica-ta and dismissed their appeal in every other respect. The basic allegation of DHHR is that the referee’s decision of August 5, 1983, dismissing County’s appeal became final fifteen days later, as review of the decision was not sought. Civil Service Rules 13.36 and 13.37. As to the referee’s decision of August 12,1983, it is urged that no authority exists for rendition of a second judgment, and such a judgment should be declared null.
During oral arguments, counsel for County alleged that he was unaware of the August 5, 1983 decision as he did not receive any notice of decision or judgment. Therefore, he appealed the decision for which he received notice, that being the decision of August 12, 1983.
Under the rules governing Civil Service hearings and appeals, after a referee hears an appeal, he must prepare a written decision, which is filed with the director. Civil Service Rule 13.20(c). Under Rules 13.20(d) and 13.36, any party seeking review of a referee’s decision must file with the Civil Service Commission an application for review within fifteen days of the date the decision is filed with the director. It is mandatory upon the director that, when the referee’s decision is filed with him, he mail a copy of the decision to the parties involved, as well as inform them of their rights to seek review. Civil Service Rule 13.20. This notice accomplishes two results: (1) it provides the parties with a copy of the decision; and (2) it provides the parties with notice of the commencement of the period in which to seek review. Absent this notice, a party may not be aware that a decision has been rendered until after the delays for seeking review have lapsed. Therefore, the delays for seeking review of a referee’s decision commence to run, not when the decision is filed with the director (for this gives no notice to the parties), but when the decision and notice are mailed to the interested parties. For analogous provisions see: La. Code Civ.P. arts. 1913, 1914, 1974, 2087, and 2123.
County has not alleged any support for its contention that it never received the above-mentioned notice or that the notice was not mailed. However, in the interest of justice, we remand this case for an evi-dentiary hearing and a decision by the Civil Service Commission on the issue of whether the director mailed the notice and copy of the decision as required under the Civil Service Commission Rules.
REMANDED.